William E. and Lillian R. Thompson v. Commissioner.
Thompson v. Commissioner
Docket No. 58354.
United States Tax Court
T.C. Memo 1957-62; 1957 Tax Ct. Memo LEXIS 200; 16 T.C.M. (CCH) 271; T.C.M. (RIA) 57062; March 29, 1957
*200 Petitioners, who are schoolteachers, elected to take the standard deduction in lieu of itemizing their expenses for 1952. In arriving at their adjusted gross income, they took deductions for certain summer school expenses, and for dues paid to various teachers' associations. Held, none of the expenses claimed by petitioners qualify under section 22(n) as proper deductions from gross income. Harry E. Judd, Esq., for the petitioners. John W. Dierker, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in income tax against William E. Thompson and Lillian R. Thompson, for the calendar year 1952 in the amount of $62.40. All of the facts are stipulated and are found *201 accordingly. Only so much of the facts as are necessary to the understanding of the issues will be related. [Findings of Fact] The petitioners are husband and wife and residents of Grand Island, Nebraska, where they are employed as schoolteachers in the public school. They filed their joint income tax return for the year 1952 with the district director of internal revenue at Omaha, Nebraska. Petitioner Lillian R. Thompson, who was required to attend summer school to renew her teacher's certificate, expended $152.63 for travel, meals, and lodging in attending school. She also expended $156.10 for tuition, books, an off-campus course, and an extension course. Petitioners took as a deduction from gross income the full amount of the above expenses. The respondent allowed the expense for travel, meals, and lodging but disallowed the balance. Petitioner William E. Thompson, who attended summer school to obtain a promotion, expenden $152.62 for travel, meals, and lodging. He also expended $62.15 for tuition, books, and supplies in connection with attending the school. He was reimbursed in the amount of $100 for these expenditures. Petitioners took as a deduction from gross income *202 the full amount of these expenses, less the $100 reimbursement. The respondent disallowed all of the expenses taken by petitioner William E. Thompson. The petitioners paid a total of $33 dues to various teachers' associations. This was also taken as a deduction from gross income and disallowed by the respondent. Petitioners also expended, and took as a deduction, $8.40 in attending a teachers' convention. Respondent now concedes this expense and it is no longer an issue in this case. [Opinion] The issue in this case is whether the expenses which were disallowed by the respondent can be deducted from gross income in arriving at adjusted gross income. The petitioners elected to take the optional standard deduction in their 1952 income tax return. Section 23(aa)(2) provides: "The standard deduction shall be in lieu of: (A) all deductions other than those which under section 22(n) are to be subtracted from gross income in computing adjusted gross income, * * *." The sole question in this case is whether the deductions in issue can properly be taken under the provisions of section 22(n). [1] As may be noted, all section 22(n) deductions must first qualify as deductions under section *203 23. [2] Section 22(n) merely specifies which of the deductions allowable under section 23 may be used in computing adjusted gross income. *204 Respondent concedes the summer school expense of Lillian R. Thompson would qualify as a section 23(a) deduction, since it was stipulated that her "attendance [at summer school] was required to renew her teacher's certificate." . Such expenses would be deductible as ordinary and necessary business expenses under section 23(a) but, as previously stated, the issue is whether the deduction would be allowable under section 22(n). The answer is, it would not. Section 22(n)(1) specifically states the section 23 trade and business deduction will only be allowed "if such trade or business does not consist of the performance of services by the taxpayer as an employee." Lillian R. Thompson's trade or business is that of an employee. . The only portion of her summer school expense she could take as a deduction would be the expenses of "travel, meals, and lodging while away from home" under section 22(n)(2), and the respondent allowed that portion of her claimed deduction. It was stipulated William E. Thompson's summer school expense was incurred by him in attendance at summer school in order to *205 obtain a promotion. Such expense would not qualify as a section 23 deduction and hence would not qualify as a deduction under section 22(n). A teacher's summer school expenses, to gain a position, a promotion or to increase prestige and reputation are in the nature of nondeductible personal expenses. , and . The remaining item disallowed as a deduction consists of the amount of dues paid by both petitioners to various teachers' associations. The item was correctly disallowed as it would not be allowed under any of the pertinent provisions of section 22(n). . From the contentions of petitioners in their petition and the brief filed by their counsel, it seems that they all fail to understand that the standard deduction which petitioners took is in lieu of other deductions which might be allowable in determining net income. From the facts in the record it appears it was more advantageous to petitioners to take the standard deduction. Decision will be entered under Rule 50. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(n) Definition of "Adjusted Gross Income". - As used in this chapter the term "adjusted gross income" means the gross income minus - (1) Trade and Business Deductions. - The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee; (2) Expenses of Travel and Lodging in Connection with Employment. - The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee; (3) Reimbursed Expenses in Connection with Employment. - The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer; * * *
* * *↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; ↩