Woodard W. **HARTRICK** and Vera C.
Hartrick, Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 36303.

United States District Court
N. D. Ohio, E. D.

April 11, 1962.

---

Woodward W. Hartrick, Cleveland,
Ohio, for plaintiff.

Russell E. Ake, former U. S. Atty.,
Cleveland, Ohio, for defendant.

CONNELL, Chief Judge.

This is an action for the refund of
certain income taxes assessed and col-
lected, brought by Plaintiffs, husband
and wife, who filed a joint return for the
years here in issue, 1956 and 1957. Ac-
cepting the Government's terminology,
only the wife shall be referred to as tax-
payer, since she alone is directly involved
in the disputed situation.

Apart from semantic difficulties in de-
scription, the factual situation is not
greatly disputed. Prior to trial the par-
ties entered into a limited stipulation
of facts and stipulated further to spe-
cifics during the course of the hearing.

Relative to the years in question, the
taxpayer was "employed" by the Cleve-
land Board of Education and the Lake-
wood Board of Education in 1956 and
solely by the Cleveland Board of Educa-
tion in 1957. During 1956, she was also
engaged in the private tutoring of chil-
dren whose parents were desirous of
special instruction for their children.
(Stipulation 10.)

In 1956, the taxpayer was "employed"
as a substitute teacher for the Lakewood
Public Schools, although she "did very
little substituting that year, if * * *
any at all." (Tr. 35.) She also taught
shut-ins at their homes for the School
Boards of both cities, as well as giving
some special instruction. (Ibid.) For
substituting and teaching the shut-ins,
she was paid by the respective School
Boards, but she was hired by the par-
ents of the pupils who were receiving spe-
cial instruction. (Tr. 67.)

In 1957, the taxpayer was a teacher of
special children, the sight-saving class at
McKinley School for the Cleveland Board
of Education. (Tr. 38.)

In the summer of 1956, and 1957, the
taxpayer incurred certain expenses be-
cause of her attending courses for credit
at Baldwin-Wallace College in Berea,
Ohio. Their logical relation and value
to her profession are not in dispute, but
again we find ourselves in semantic diffi-
culties characterizing her purpose,
whether to maintain her position or to
improve her skills. (Tr. 45, 70, and 72.)

In both years in question, the Plain-
tiffs filed jointly and claimed the stand-
ard deduction. They now seek a refund
on the basis that they are also entitled
to a deduction for the expense incurred
in the taking of these courses, in addi-

tion to the standard deduction. While the amount involved in this case is nominal, we are assured by the Plaintiffs that the question is not at all insignificant when the thousands of teachers in similar situations are brought to mind.

Proceeding in logical rather than chronological order, we note first that the election to use the standard deduction forecloses the possibility of the taxpayer's deduction for educational expenses for the year of 1957. The deductions to be taken in the computation of the adjusted gross income are covered by Section 62 of the Code, 26 U.S.C.A. § 62. Section 162 has relation to a much broader area of deductions available to those individuals not electing to use the standard deduction of Section 141 et seq. Since the question now before us is deductibility under Section 62 the Regulations and cases under Section 162 are not properly applicable. See: Thompson v. Commissioner, T.C. Memo 1957–62, Dec. 22,321(M), 16 T.C.M. 271. Section 62 does not create any deductions in itself; it merely specifies those deductions allowable under Section 162 which may be considered when computing the adjusted gross income.

Section 62 reads in applicable part:

"For purposes of this subtitle, the term 'adjusted gross income' means, in the case of an individual, gross income minus the following deductions:

"(1) Trade and business deductions.—The deductions allowed by this chapter (other than by part VII of this subchapter) which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee.

"(2) Trade and business deductions of employees.—

"(A) Reimbursed espenses.—The deductions allowed by part VI (sec. 161 and following) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer.

"(B) Expenses for travel away from home.—The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee.

"(C) Transportation expenses.— The deductions allowed by part VI (sec. 161 and following) which consist of expenses of transportation paid or incurred by the taxpayer in connection with the performance by him of services as an employee.

"(D) Outside salesmen.—The deductions allowed by part VI (sec. 161 and following) which are attributable to a trade or business carried on by the taxpayer, if such trade or business consists of the performance of services by the taxpayer as an employee and if such trade or business is to solicit, away from the employer's place of business, business for the employer."

It is beyond dispute that the trade or business of the taxpayer consists of the performance of services as an employee for the year of 1957. Since that is the case, our concern for that period is limited to Subsection (2), or more properly to Paragraph (C), the other paragraphs having no relation to the problem. Although there is no specific claim under this paragraph, and the issue has not been seriously argued, it would seem that the expenses involved in this case are not deductible because they arise from daily driving to and fro, and thus are classifiable as commuting expenses, and in the nature of a personal expense.

Turning to the year of 1956, there can be no real question but that the taxpayer was also an employee of the Cleveland and Lakewood Boards of Education in so far as she derived income from her

teaching of homebound children. When we consider her activity as a private tutor, we do not find it necessary to decide that she was there, too, an employee. Rather we find that the courses taken dealing with Social Studies did not assist her in this trade or business, since the taxpayer admitted that she did not tutor in this area (Tr. 70.) Moreover, her motive in taking these courses is more compatible with teaching of the homebound (Ibid.) or with the attainment of a degree and qualification. The evidence on trial is not incompatible with a finding that the courses were taken in order to attain a qualification as a teacher for the Cleveland School System, which motive is not compatible with deductibility.

The Government and the taxpayer both refer us to Rev.Rul. 60–97, 1960–1 Cum. Bull. 69. We believe that this ruling supports the Government's position in this case.

Judgment shall be entered for the defendant.